# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AE LIQUIDATION, INC., *et al.*,[1] | ) | Case No. 08-13031 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE PRODUCTIVITY TEAM, LLC, | ) | Adv. Pro. No. 10-54042 (MFW) |
| | ) | |
| AERO TECHNICAL COMPONENTS, INC., | ) | Adv. Pro. No. 10-55377 (MFW) |
| | ) | |
| HUB INTERNATIONAL OF CALIFORNIA, INC. SUCCESSOR IN INTEREST TO HUB INTERNATIONAL SOUTHWEST AGENCY LIMITED, INC., | ) | Adv. Pro. No. 10-55421 (MFW) |
| | ) | |
| INNOVATIVE SOLUTIONS AND SUPPORT, INC., | ) | Adv. Pro. No. 10-55433 (MFW) |
| | ) | |
| JEPPESEN SANDERSON, INC., | ) | Adv. Pro. No. 10-55449 (MFW) |
| | ) | |
| JERAMES INDUSTRIES, INC, D/B/A JERAMES TOOL & MFG, | ) | Adv. Pro. No. 10-55451 (MFW) |
| | ) | |
| MEGGITT-OREGON, INC., | ) | Adv. Pro. No. 10-55463 (MFW) |
| | ) | |
| MEGGITT THERMAL SYSTEMS, INC., | ) | Adv. Pro. No. 10-55465 (MFW) |
| | ) | |
| THE PEPSI BOTTLING GROUP, INC., D/B/A PEPSI BOTTLING GROUP LLC, | ) | Adv. Pro. No. 10-55474 (MFW) |
| | ) | |
| PRECISION AEROSPACE CORP., | ) | Adv. Pro. No. 10-55475 (MFW) |

---

[1] The Debtors in these proceedings are: AE Liquidation, Inc. (f/k/a/ Eclipse Aviation Corporation) and EIRB Liquidation, Inc. (f/k/a Eclipse IRB Sunport, LLC), a wholly-owned subsidiary of Eclipse Aviation Corporation.

| | |
|---|---|
| PRISMA GRAPHIC CORPORATION, ) | Adv. Pro. No. 10-55477 (MFW) |
| ) | |
| SALTAIRE OF CENTRAL FLORIDA, INC., ) | Adv. Pro. No. 10-55485 (MFW) |
| ) | |
| TATA AMERICA INTERNATIONAL ) CORPORATION, ) | Adv. Pro. No. 10-55501 (MFW) |
| ) | |
| UNIFIRST CORPORATION, ) | Adv. Pro. No. 10-55505 (MFW) |
| ) | |
| S-TEC CORPORATION, FORMERLY ) CHELTON FLIGHT SYSTEMS, INC., AND ) CHELTON FLIGHT SYSTEMS, INC., ) | Adv. Pro. No. 10-55538 (MFW) |
| ) | |
| Defendants. ) | |

**Objections due by: October 6, 2011 at 4:00 p.m.**
**Hearing Date: October 19, 2011 at 2:00 p.m.**

**TRUSTEE'S SEVENTH OMNIBUS 9019 MOTION FOR AN ORDER APPROVING COMPROMISE AND SETTLEMENT OF DISPUTED PREFERENTIAL CLAIMS**

Jeoffrey L. Burtch, Chapter 7 trustee for the bankruptcy estates (the "Estates") of AE Liquidation, Inc., et al. (the "Debtors"), hereby moves this Court for an Order approving the Compromise and Settlement of Disputed Preferential Claims Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and in support of this Motion respectfully represents that:

**JURISDICTION**

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On November 25, 2008 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The cases are jointly administered pursuant to Bankruptcy Rule 1015(b).

2

3. A detailed description of the events leading up to the Debtors' chapter 11 filings is set forth more fully in the Affidavit of J. Mark Borseth in Support of Chapter 11 Petitions and First Day Motions [Docket No. 2], filed in these cases on November 25, 2008.

4. On March 5, 2009, these cases converted to cases under Chapter 7. Jeoffrey L. Burtch was appointed as interim trustee on March 5, 2009, pursuant to Section 701 of the Bankruptcy Code and serves as the trustee (hereinafter, "Trustee") for these cases pursuant to 11 U.S.C. § 702(d).

## Preference Action Settlements

5. After the filing of the individual complaints described below, the Trustee and the Defendants conducted negotiations concerning the amount owed by each Defendant to the Estates. The negotiations continued for a substantial period of time, and were conducted at arm's length and in good faith. The Defendants asserted defenses to the Trustee's claim, which the Trustee has analyzed and believes may have merit. The details of these settlements are set forth below.

6. The Defendants and the Trustee have entered into mutual releases under the Settlement Agreement, subject to Court approval of this settlement.

7. Any amounts paid by the Defendants to the Trustee in accordance with the Settlement Agreement shall be held by the Trustee in escrow pending the Court's consideration of this settlement. If the Court approves this settlement, the Trustee may thereafter, in his sole discretion, transfer sums paid under the Settlement Agreement into the Estates' general account. If the Court does not approve the settlement, the Trustee shall refund to the Defendants any sums paid under the Settlement Agreement by the Defendants to the Trustee, and the parties shall resort to their status prior to having signed the Settlement Agreement.

## The Productivity Team, LLC

8. On November 2, 2010, the Trustee filed a complaint against The Productivity Team, LLC ("Productivity") alleging that certain payments made by the Debtors to Productivity constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $165,406.11.

9. The Trustee and Productivity desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, Productivity agrees to pay the Trustee a settlement amount of $70,000.00 to settle the matter, in accordance with the Settlement Agreement attached as <u>Exhibit 1</u> to this Motion (the "Productivity Settlement Agreement"). Productivity is on an installment payment plan and the installments have not yet been fulfilled. Therefore, the Trustee is not placing Productivity on the Order of Dismissal. The parties will file a Stipulation of Dismissal after the completion of the installment payments.

## Aero Technical Components, Inc.

10. On November 18, 2010, the Trustee filed a complaint against Aero Technical Components, Inc. ("Aero") alleging that certain payments made by the Debtors to Aero constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $25,660.00.

11. The Trustee and Aero desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, Aero has paid the Trustee a settlement amount of $15,000.00 to settle the matter, in accordance with the Settlement Agreement attached as <u>Exhibit 2</u> to this Motion (the "Aero Settlement Agreement").

### HUB International of California, Inc. Successor In Interest to HUB International Southwest Agency Limited, Inc.

12. On November 18, 2010, the Trustee filed a complaint against HUB International of California, Inc. Successor In Interest to HUB International Southwest Agency Limited, Inc. ("HUB") alleging that certain payments made by the Debtors to HUB constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $578,397.50.

13. The Trustee and HUB desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, HUB has paid the Trustee a settlement amount of $25,000.00 to settle the matter, in accordance with the Settlement Agreement attached as Exhibit 3 to this Motion (the "HUB Settlement Agreement").

### Innovative Solutions and Support, Inc.

14. On November 18, 2010, the Trustee filed a complaint against Innovative Solutions and Support, Inc. ("Innovative") alleging that certain payments made by the Debtors to Innovative constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $321,095.48.

15. The Trustee and Innovative desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, Innovative has paid the Trustee a settlement amount of $17,000.00 to settle the matter, in accordance with the Settlement Agreement attached as Exhibit 4 to this Motion (the "Innovative Settlement Agreement").

### Jeppesen Sanderson, Inc.

16. On November 18, 2010, the Trustee filed a complaint against Jeppesen Sanderson, Inc. ("Jeppesen") alleging that certain payments made by the Debtors to Jeppesen constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $97,537.02.

17. The Trustee and Jeppesen desire to compromise and settle all disputes between them on the following terms:

   A. Subject to Court approval of this settlement, Jeppesen has paid the Trustee a settlement amount of $19,678.42 to settle the matter, in accordance with the Settlement Agreement attached as Exhibit 5 to this Motion (the "Jeppesen Settlement Agreement").

### Jerames Industries, Inc, D/B/A Jerames Tool & Mfg.

18. On November 18, 2010, the Trustee filed a complaint against Jerames Industries, Inc, D/B/A Jerames Tool & Mtg. ("Jerames") alleging that certain payments made by the Debtors to Jerames constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $78,771.76.

19. The Trustee and Jerames desire to compromise and settle all disputes between them on the following terms:

   A. Subject to Court approval of this settlement, Jerames has paid the Trustee a settlement amount of $5,000.00 to settle the matter, in accordance with the Settlement Agreement attached as Exhibit 6 to this Motion (the "Jerames Settlement Agreement").

### Meggitt-Oregon, Inc.

20. On November 18, 2010 the Trustee filed a complaint against Meggitt-Oregon, Inc. ("Meggitt") alleging that certain payments made by the Debtors to Meggitt constituted

preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $16,235.43.

21. The Trustee and Meggitt desire to compromise and settle all disputes between them on the following terms:

A. Subject to Court approval of this settlement, Meggitt has paid the Trustee a settlement amount of $8,117.71 to settle the matter, in accordance with the Settlement Agreement attached as Exhibit 7 to this Motion (the "Meggitt Settlement Agreement").

### Meggitt Thermal Systems, Inc.

22. On November 19, 2010 the Trustee filed a complaint against Meggitt Thermal Systems, Inc. ("Meggitt Thermal") alleging that certain payments made by the Debtors to Meggitt Thermal constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $149,905.22.

23. The Trustee and Meggitt Thermal desire to compromise and settle all disputes between them on the following terms:

A. Subject to Court approval of this settlement, Meggitt Thermal agrees to pay the Trustee a settlement amount of $36,513.72 to settle the matter, in accordance with the Settlement Agreement attached as Exhibit 8 to this Motion (the "Meggitt Thermal Settlement Agreement"). Meggitt Thermal is on an installment payment plan and the installments have not yet been fulfilled. Therefore, the Trustee is not placing Meggitt Thermal on the Order of Dismissal. The parties will file a Stipulation of Dismissal after the completion of the installment payments.

### The Pepsi Bottling Group, Inc., D/B/A Pepsi Bottling Group LLC

24. On November 19, 2010 the Trustee filed a complaint against The Pepsi Bottling Group, Inc., D/B/A Pepsi Bottling Group LLP ("Pepsi") alleging that certain payments made by the Debtors to Pepsi constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $20,897.72.

25. The Trustee and Pepsi desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, Pepsi has paid the Trustee a settlement amount of $5,000.00 to settle the matter, in accordance with the Settlement Agreement attached as <u>Exhibit 9</u> to this Motion (the "Pepsi Settlement Agreement").

### Precision Aerospace Corp.

26. On November 19, 2010, the Trustee filed a complaint against Precision Aerospace Corp. ("Precision") alleging that certain payments made by the Debtors to Precision constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $32,608.40.

27. The Trustee and Precision desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, Precision agrees to pay the Trustee a settlement amount of $13,500.00 to settle the matter, in accordance with the Settlement Agreement attached as <u>Exhibit 10</u> to this Motion (the "Precision Settlement Agreement"). Precision is on an installment payment plan and the installments have not yet been fulfilled. Therefore, the Trustee is not placing Precision on the Order of Dismissal. The parties will file a Stipulation of Dismissal after the completion of the installment payments.

### Prisma Graphic Corporation

28. On November 19, 2010, the Trustee filed a complaint against Prisma Graphic Corporation ("Prisma") alleging that certain payments made by the Debtors to Prisma constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $17,468.31.

29. The Trustee and Prisma desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, Prisma agrees to pay the Trustee a settlement amount of $9,000.00 to settle the matter, in accordance with the Settlement Agreement attached as <u>Exhibit 11</u> to this Motion (the "Prisma Settlement Agreement"). Prisma is on an installment payment plan and the installments have not yet been fulfilled. Therefore, the Trustee is not placing Prisma on the Order of Dismissal. The parties will file a Stipulation of Dismissal after the completion of the installment payments.

### Saltaire of Central Florida, Inc.

30. On November 19, 2010, the Trustee filed a complaint against Saltaire of Central Florida, Inc. ("Saltaire") alleging that certain payments made by the Debtors to Saltaire constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $13,554.20.

31. The Trustee and Saltaire desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, Saltaire agrees to pay the Trustee a settlement amount of $6,000.00 to settle the matter, in accordance with the Settlement Agreement attached as <u>Exhibit 12</u> to this Motion (the "Saltaire Settlement Agreement"). Saltaire

is on an installment payment plan and the installments have not yet been fulfilled. Therefore, the Trustee is not placing Saltaire on the Order of Dismissal. The parties will file a Stipulation of Dismissal after the completion of the installment payments.

## Tata America International Corporation

32. On November 19, 2010 the Trustee filed a complaint against Tata America International Corporation ("Tata") alleging that certain payments made by the Debtors to Tata constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $166,799.81.

33. The Trustee and Tata desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, Tata has paid the Trustee a settlement amount of $34,772.25 to settle the matter, in accordance with the Settlement Agreement attached as <u>Exhibit 13</u> to this Motion (the "Tata Settlement Agreement").

## Unifirst Corporation

34. On November 19, 2010 the Trustee filed a complaint against Unifirst Corporation ("Unifirst") alleging that certain payments made by the Debtors to Unifirst constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $38,902.07.

35. The Trustee and Unifirst desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, Unifirst has paid the Trustee a settlement amount of $23,000.00 to settle the matter, in accordance with the Settlement Agreement attached as <u>Exhibit 14</u> to this Motion (the "Unifirst Settlement Agreement").

**S-Tec Corporation, formerly Chelton Flight Systems, Inc., and Chelton Flight Systems, Inc.**

36. On November 23, 2010 the Trustee filed a complaint against S-Tec Corporation, formerly Chelton Flight Systems, Inc., and Chelton Flight Systems, Inc. ("S-Tec") alleging that certain payments made by the Debtors to S-Tec constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550. The complaint sought the return of the alleged preferential transfers, totaling $375,000.00.

37. The Trustee and S-Tec desire to compromise and settle all disputes between them on the following terms:

    A. Subject to Court approval of this settlement, S-Tec has paid the Trustee a settlement amount of $67,500.00 to settle the matter, in accordance with the Settlement Agreement attached as <u>Exhibit 15</u> to this Motion (the "S-Tec Settlement Agreement").

## BASIS FOR RELIEF REQUESTED HEREIN

38. As set forth in Bankruptcy Rule 9019(a): "Compromise: On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Pursuant to Rule 9019, bankruptcy courts consider the overall wisdom of compromising and settling disputes arising in bankruptcy cases. *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)).

39. In determining whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether "the compromise is fair, reasonable, and in the interests of the Estates." *Id.* (quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)). In reaching this determination, the court should balance the value of the claim that is being settled against the value to the Estates of the approval of the settlement. *In re Martin*, 91 F.3d 389, 393

(3d Cir. 1996). In striking this balance, the court should consider the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* Settlements should be approved unless they fall below the lowest point of the range of reasonableness. *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), cert. denied sub nom. *Cosoff v. Rodman*, 464 U.S. 822 (1983).

40. The Trustee believes that each of the above settlements satisfies the foregoing standards, and that each is in the best interests of all creditors of the Estates. Approval of the settlements will enable the Trustee to liquidate assets of the Estates.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order substantially in the form attached hereto, approving the proposed Settlements.

| | |
|---|---|
| Dated: September 15, 2011<br>Wilmington, Delaware | COOCH AND TAYLOR, P.A.<br><br>  /s/ Robert W. Pedigo<br>Robert W. Pedigo (#4047)<br>The Brandywine Building<br>1000 West Street, 10th Floor<br>P.O. Box 1680<br>Wilmington, DE  19801<br>Telephone: (302) 984-3800<br>Fax: (302) 984-3939<br>E-mail: rpedigo@coochtaylor.com<br><br>Attorney for Jeoffrey L. Burtch, Trustee |