# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AE LIQUIDATION, INC., *et al.*,[1] | ) | Case No. 08-13031 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **DOCKET NO. 1341** |
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE PRODUCTIVITY TEAM, LLC, | ) | Adv. Pro. No. 10-54042 (MFW) |
| | ) | **DOCKET NO. 6** |
| | ) | |
| AERO TECHNICAL COMPONENTS, INC., | ) | Adv. Pro. No. 10-55377 (MFW) |
| | ) | **DOCKET NO. 16** |
| | ) | |
| HUB INTERNATIONAL OF CALIFORNIA, INC. SUCCESSOR IN INTEREST TO HUB INTERNATIONAL SOUTHWEST AGENCY LIMITED, INC., | ) | Adv. Pro. No. 10-55421 (MFW) **DOCKET NO. 23** |
| | ) | |
| INNOVATIVE SOLUTIONS AND SUPPORT, INC., | ) | Adv. Pro. No. 10-55433 (MFW) **DOCKET NO. 18** |
| | ) | |
| JEPPESEN SANDERSON, INC., | ) | Adv. Pro. No. 10-55449 (MFW) **DOCKET NO. 14** |
| | ) | |
| JERAMES INDUSTRIES, INC, D/B/A JERAMES TOOL & MFG, | ) | Adv. Pro. No. 10-55451 (MFW) **DOCKET NO. 10** |
| | ) | |
| MEGGITT-OREGON, INC., | ) | Adv. Pro. No. 10-55463 (MFW) **DOCKET NO. 16** |
| | ) | |
| MEGGITT THERMAL SYSTEMS, INC., | ) | Adv. Pro. No. 10-55465 (MFW) **DOCKET NO. 16** |

---

[1] The Debtors in these proceedings are: AE Liquidation, Inc. (f/k/a/ Eclipse Aviation Corporation) and EIRB Liquidation, Inc. (f/k/a/ Eclipse IRB Sunport, LLC), a wholly-owned subsidiary of Eclipse Aviation Corporation.

| | |
|---|---|
| THE PEPSI BOTTLING GROUP, INC., D/B/A ) <br> PEPSI BOTTLING GROUP LLC, ) <br> ) | Adv. Pro. No. 10-55474 (MFW) <br> **DOCKET NO. 15** |
| PRECISION AEROSPACE CORP., ) <br> ) | Adv. Pro. No. 10-55475 (MFW) <br> **DOCKET NO. 6** |
| PRISMA GRAPHIC CORPORATION, ) <br> ) | Adv. Pro. No. 10-55477 (MFW) <br> **DOCKET NO. 12** |
| SALTAIRE OF CENTRAL FLORIDA, INC., ) <br> ) | Adv. Pro. No. 10-55485 (MFW) <br> **DOCKET NO. 7** |
| TATA AMERICA INTERNATIONAL ) <br> CORPORATION, ) <br> ) | Adv. Pro. No. 10-55501 (MFW) <br> **DOCKET NO. 13** |
| UNIFIRST CORPORATION, ) <br> ) | Adv. Pro. No. 10-55505 (MFW) <br> **DOCKET NO. 18** |
| S-TEC CORPORATION, FORMERLY ) <br> CHELTON FLIGHT SYSTEMS, INC., AND ) <br> CHELTON FLIGHT SYSTEMS, INC., ) <br> ) <br> Defendants. ) | Adv. Pro. No. 10-55538 (MFW) <br> **DOCKET NO. 17** |

### ORDER GRANTING TRUSTEE'S
### SEVENTH OMNIBUS 9019 MOTION FOR AN ORDER APPROVING
### COMPROMISE AND SETTLEMENT OF DISPUTED PREFERENTIAL CLAIMS

Jeoffrey L. Burtch, the chapter 7 trustee (the "Trustee") for the above captioned cases, has filed the Trustee's Seventh Omnibus 9019 Motion for an Order Approving Compromise and Settlement of Disputed Preferential Claims (the "Motion").

1. The Court has jurisdiction to consider the Motion[2] pursuant to 28 U.S.C. § 1334; this is a core proceeding under 28 U.S.C. § 157(b)(2). Proper notice of the Motion has been provided by the Trustee.

---

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

2. The Court finds that the preference settlements were negotiated at arm's length and entered into in good faith by the parties. The consideration to be received by the Estates is fair and reasonable, and falls above the lowest point in the range of reasonableness.

3. The Motion is GRANTED. Any objection not made to the Motion is waived. Any objection made to the Motion is overruled with prejudice.

4. The Productivity Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

5. The Aero Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

6. The HUB Settlement Agreement is approved. The monies in the preference escrow account are property of the Estate, and may be transferred to the Trustee's general account.

7. The Innovative Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

8. The Jeppesen Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

9. The Jerames Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

10. The Meggitt Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

11. The Meggitt Thermal Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

12. The Pepsi Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

13. The Precision Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

14. The Prisma Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

15. The Saltaire Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

16. The Tata Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

17. The Unifirst Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

18. The S-Tec Settlement Agreement is approved. The monies in the preference escrow account are property of the Estates, and may be transferred to the Trustee's general account.

19. This Order is effective immediately, and shall not be affected and/or stayed by any of the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, or any other applicable rule.

Dated: Oct. 17, 2011

THE HONORABLE MARY F. WALRATH
United States Bankruptcy Court Judge